# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5676 | **DATE** | 12-8-2010 |
| **CASE TITLE** | Mark H. Johnson (A-72077) vs. Thomas Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [9] is granted. The case is dismissed on initial review pursuant to 28 U.S.C. § 1915A because the complaint [1] fails to state a claim. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court as stated herein. The Clerk is directed to mail a copy of this order to the trust fund officer at Plaintiff's place of incarceration. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Status hearing scheduled for 12/14/2010 [8] is stricken. Civil case terminated.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Pro se plaintiff Mark H. Johnson has brought this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 9) and complaint (Dkt. No. 1) for initial review pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* is granted, and this case is dismissed because the complaint fails to state a claim upon which relief may be granted.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $17.50. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and to pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, Attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. The following facts, drawn from the complaint, are accepted as true and all reasonable inferences are made in the light most favorable to the plaintiff. *See Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). This Court "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

| STATEMENT |
|---|

"To satisfy the notice-pleading standard, a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." *Bridges*, 557 F.3d at 545 (internal quotations omitted). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotations and citations omitted) (emphasis in original). "Any written instrument attached to the complaint is considered part of the complaint." *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005).

Plaintiff alleges as follows. At the beginning of November 2009, he was a pretrial detainee at the Cook County Jail. (Dkt. No. 1 at 6). On November 10, 2009, he was transferred from the Cook County Jail to the Illinois Department of Corrections (IDOC). (*Id.*). This allegedly violated his Fourteenth Amendment rights and resulted in "a great deal of emotional distress." (*Id.*). Plaintiff states that he was placed in the medical psychiatric ward at the IDOC Stateville Correctional Center on November 14, 2009, and that this violated his Eighth Amendment rights. (*Id.*). Plaintiff then filed a complaint with the IDOC, resulting in his return to the Cook County Jail on November 19, 2009. (*Id.*)

Plaintiff suggests that the erroneous transfer from the Cook County Jail to the IDOC occurred because he had previously entered into a plea agreement on August 25, 2009, to a felony forgery charge and received a three year prison sentence. (*Id.*). However, on October 9, 2009, he filed a motion to withdraw his guilty plea, which was granted. (*Id.* at 6-7). Plaintiff explains that he was tried in January 2010 and convicted of felony forgery and sentenced to four years of incarceration. (*Id.* at 7).

Plaintiff names Cook County Sheriff Tom Dart as the sole defendant, alleging that he has failed to provide safety and security measures for the pretrial detainees. (*Id.*). He seeks financial compensation and also improvements to security at the Jail. (*Id.*).

The complaint attaches as an exhibit a docket sheet for *People v. Mark Johnson*, No. 09 CR 14532-01 (Circuit Court of Cook County). (*Id.* at 9). It states that Plaintiff was charged with five counts of forgery with intent to defraud in violation of 720 ILCS 5/17-3(a)(3). (*Id.*). He originally pled guilty before Judge Linn on August 25, 2009, and was sentenced to three years of imprisonment the same day. (*Id.*). On September 23, 2009, Plaintiff filed a motion to withdraw his guilty plea, which appears to have been granted on October 9, 2009. (*Id.* at 10). The docket sheet states that Plaintiff was remanded to the custody of the Cook County Sheriff on October 9, 2009. (*Id.*). It further states that Plaintiff pled not guilty on November 19, 2009, and was then found guilty at a jury trial. (*Id.*). The docket sheet does not detail when Plaintiff was sentenced. However, the complaint also includes Plaintiff's Order of Commitment and Sentence as an exhibit, and this order states that he was sentenced to four years of imprisonment on January 4, 2010, by Judge Linn. (*Id.* at 12).

Finally, Plaintiff attaches a minute order issued by the Honorable Virginia M. Kendall in *Johnson v. Doe*, No. 09 C 7581 (N.D. Ill.). Plaintiff's complaint in No. 09 C 7581 alleges mistreatment by two IDOC

| STATEMENT |
|---|

employees during his alleged November 2009 transfer to Stateville. No. 09 C 7581, Dkt. No. 1. On January 18, 2010, Judge Kendall dismissed the No. 09 C 7581 case without prejudice pursuant to 42 U.S.C. § 1997e(e)(a) for failure to exhaust his administrative remedies. No. 09 C 7581, Dkt. No. 8. Plaintiff's present complaint only names Sheriff Dart as a defendant and does not name any IDOC employees.

The complaint fails to state a claim upon which relief may be granted, and thus must be dismissed pursuant to 28 U.S.C. § 1915A. The Court recognizes that Plaintiff has failed to address whether he exhausted any available administrative remedies for this case. However, 42 U.S.C. § 1997e(c)(2) allows this Court to dismiss Plaintiff's complaint for failure to state a claim regardless of whether Plaintiff has exhausted his administrative remedies.

Plaintiff is correct that he was a pretrial detainee on November 10, 2009, when he was allegedly transferred to Stateville. Illinois Supreme Court Rule 605(b) provides that following a guilty plea and sentence, a criminal defendant may move to have the judgment vacated and be given leave to withdraw the guilty plea. Ill. S. Ct. R. 605(b)(2). If the motion is allowed, the sentence and judgment is vacated and the case is set for trial, Ill. S. Ct. R. 605(b)(3), and that is what occurred here. According to the docket sheet, plaintiff was originally sentenced on August 25, 2009. (Dkt. No. 1 at 9). He moved to withdraw his guilty plea on September 23, 2009, the motion was granted on October 9, 2009, and he was remanded to the custody of the Cook County Sheriff pending trial. (*Id*. at 10). Plaintiff was subsequently tried and convicted. (*Id*. at 11).

The fact that Plaintiff was held in a state correctional facility for eight or nine days while a pretrial detainee does not result in a constitutional violation. "In *Bell v. Wolfish*, the Supreme Court held that the Due Process Clause allows the government to incarcerate pretrial detainees prior to trial." *Crane v. Logli*, 992 F.2d 136, 139 (7th Cir. 1993) (citing 441 U.S. 520 (1979)). This detention may occur in a facility that restricts the detainee's movement, whether it is a "called a jail, a prison, or custodial center," as long as the "the purpose of the facility is to detain." *Bell*, 441 U.S. at 538.

The government may properly detain a pretrial detainee under the Fourteenth Amendment, but it "'may not . . . punish[] prior to an adjudication of guilt in accordance with due process of law.'" *Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005) (quoting *Bell*, 441 U.S. at 535). Thus, the question is whether plaintiff's eight-day or nine-day transfer to the IDOC constituted punishment. "Punishment . . . is really just a name for unreasonably harsh treatment meted out to inmates who have not yet been convicted of a crime." *Hart v. Sheahan*, 396 F.3d 887, 892 (7th Cir. 2005). Punishment is "gratuitous infliction of pain or suffering." *Id*.

Plaintiff does not explain how the transfer from the Cook County Jail to the Stateville Correctional Center resulted in harsh treatment or gratuitous infliction of pain or suffering. The Court recognizes that Stateville is a prison, while Cook County is a jail. Yet, *Bell* allows a pretrial detainee to be detained in a prison. *See* 441 U.S. at 538. Plaintiff's complaint does not plausibly allege why the conditions at Stateville are any different or worse than those at Cook County Jail, and he certainly does not explain how spending eight days at Stateville resulted in punishment.

|**STATEMENT**|
|---|

Plaintiff does allege that he experienced a "great deal of emotional distress" (Dkt. No. 1 at 6), but this is unhelpful to him. A request for monetary relied based on his alleged emotional injuries is barred under the Prison Litigation Reform Act (PLRA) because there is no indication of an associated physical injury. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of a physical injury." 42 U.S.C. § 1997e(e); *see also Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008); *Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006). Plaintiff does not allege any type of physical injury.

Plaintiff also alleges that he was placed in a mental unit while a Stateville. He specifically alleges that he was placed in that unit by IDOC employees (Dkt. No. 1 at 6), but fails to name of any of these individuals as defendants. Plaintiff names only Sheriff Tom Dart as a defendant. "Section 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Agency principles of *respondent superior* and vicarious liability do not apply to § 1983 claims. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008); *see also Iqbal*, 129 S. Ct. at 1948 ("[A] plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution."). Supervisors may violate the Constitution resulting in their own individual liability if they "know about the unconstitutional conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Plaintiff alleges that the Cook County Sheriff was responsible for his alleged improper transfer, but this allegation is not sufficient to plausibly suggest that Sheriff Dart was personally involved with the plaintiff's transfer.

Finally, plaintiff seeks equitable relief requiring the providing of safety and security measures for pre-trial detainees at the Cook County Jail. (Dkt. No. 1 at 7). Plaintiff is no longer a pretrial detainee at the Jail. Plaintiff was sentenced in January 2010, and was in the custody of the IDOC serving his sentence in a correctional institution when he filed this action. Plaintiff is presently at the Westside Adult Transition Center in Chicago, Illinois. Plaintiff's transfer out of the Cook County Jail, without any indication that he is subject to return in the future, moots his equitable claim. *See Henderson v. Sheahan*, 196 F.3d 839, 843 n.1 (7th Cir. 1999); *Martin v. Davis*, 917 F.2d 336, 339 (7th Cir. 1990).

For the foregoing reasons, this suit is dismissed because the complaint fails to state a claim upon which relief may be granted. Plaintiff is cautioned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file another suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *See Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).

| STATEMENT |
|---|
| In summary, Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 9) is granted. The case is dismissed on initial review pursuant to 28 U.S.C. § 1915A because the complaint (Dkt. No. 1) fails to state a claim. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court as stated herein. The Clerk is directed to mail a copy of this order to the trust fund officer at Plaintiff's place of incarceration. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Status hearing scheduled for 12/14/2010 (Dkt. No. 8) is stricken. |